IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DCA SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-256-D |
| ) | |
| COMMUNICATIONS III, INC., ) | |
| COMMUNICATIONS OPTIONS, INC., ) | |
| TELECOM VENTURES, LLC, and ) | |
| SCOTT B. HALLIDAY, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendant Scott B. Halliday's ("Defendant Halliday") Motion to Dismiss [Doc. No. 6], which seeks dismissal of Plaintiff's fourth cause of action pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6), and, therefore, dismissal of Defendant Halliday from the case.[1] Plaintiff has responded in opposition [Doc. No. 11], and Defendant Halliday has replied [Doc. No. 12]. The Motion is fully briefed and at issue.

Plaintiff's Petition (henceforth, "Complaint") [Doc. No. 1-1][2] contains four causes of action, only one of which is against Defendant Halliday. Plaintiff asserts that, on October 1, 2013, it entered into a service agreement ("Service Agreement") with

---

[1] Because the Court is obliged to address jurisdiction as a threshold matter, the Court need only address Defendant Halliday's 12(b)(2) argument.

[2] Plaintiff's Complaint was filed in the District Court of Oklahoma County on February 3, 2015 under case number CJ-2015-703. Defendants filed a Notice of Removal [Doc. No. 1] with this Court on March 3, 2015.

1

Communications III, Inc., Communications Options, Inc., and Telecom Ventures, LLC (collectively, the "Corporate Defendants"). Plaintiff further asserts that, on August 1, 2014, it entered into an equipment purchase agreement ("Equipment Purchase Agreement") with the Corporate Defendants.

According to Plaintiff, in October 2014, the Corporate Defendants fell behind on their monthly payments under both the Service Agreement and the Equipment Purchase Agreement. Plaintiff asserts that it entered into negotiations with Defendant Halliday, acting on behalf of the Corporate Defendants. Plaintiff further asserts that, on January 8, 2015, Defendant Halliday agreed on behalf of the Corporate Defendants to a payment plan which required an immediate payment of $45,000 and subsequent weekly payments of $12,500 until amounts due and owing became current. According to Plaintiff, the Corporate Defendants only made the initial $45,000 payment and one $12,500 weekly payment.

Plaintiff asserts that sometime after January 20, 2015, Defendant Halliday informed Plaintiff of the Corporate Defendants' immediate cancellation of both the Service Agreement and the Equipment Purchase Agreement. Plaintiff asserts that Defendant Halliday was aware of the Corporate Defendants' plans to cease operations when he was negotiating with Plaintiff on their behalf, and that during such negotiations, Defendant Halliday falsely represented to Plaintiff that the Corporate Defendants intended to remain in business and fulfill their payment obligations under the agreed payment plan. Plaintiff

further asserts that it relied on Defendant Halliday's representations to its detriment and, therefore, is seeking damages for fraud.

Regarding jurisdiction in Oklahoma, the Complaint merely states "[t]his Court has subject matter jurisdiction over this action pursuant to the contracts at issue herein and because the events described in this Petition arose or occurred, in full or in part, in Oklahoma County, Oklahoma." Comp. [Doc. No. 1-1] at 2. However, Plaintiff's Response to Defendant Halliday's Motion to Dismiss asserts that this Court's exercise of personal jurisdiction over Defendant Halliday is proper because "[t]he negotiations occurred by and through numerous telephone conferences and electronic mail communications," and Defendant Halliday was aware that "[a]t all times, [Plaintiff's] agents and representatives to the negotiations were located in Oklahoma City, Oklahoma." Pl. Resp. [Doc. No. 11] at 3. Therefore, Plaintiff asserts the material representations made by Defendant Halliday in the negotiations with Plaintiff were "expressly aimed . . . at an Oklahoma resident" (*Id.* at 6), and that Defendant Halliday "knew the brunt of the injury caused by his fraudulent representations would be felt in Oklahoma" (*Id.* at 7). Plaintiff contends that Defendant Halliday's tortious conduct purposely directed at an Oklahoma resident permits an exercise of jurisdiction over him in this forum, even though he was acting on behalf of corporate entities.

**Standard of Decision**

When jurisdiction is challenged via a 12(b)(2) motion, the plaintiff bears the burden of establishing personal jurisdiction. *OMI Holdings v. Royal Ins. Co. of Can.*, 149 F.3d

1086, 1091 (10th Cir. 1998). This burden is light in the preliminary stages of litigation. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). When there has been no evidentiary hearing, a plaintiff must only present competent proof in the form of affidavits and other written materials that, if true, would establish a prima facie showing that jurisdiction is proper. *Id.* To defeat such a showing by the plaintiff, a defendant must come forward with a "compelling case" that other considerations render jurisdiction unreasonable. *OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)); *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). In the absence of a hearing, the court accepts a plaintiff's well-pled allegations as true to the extent they are not controverted by the defendant's affidavits. *Wenz*, 55 F.3d at 1505; *Conoco Phillips Co. v. Jump Oil Co.*, 948 F. Supp. 2d 1272, 1277 (N.D. Okla. 2013). If a factual dispute arises, it is preliminarily resolved in the plaintiff's favor. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008).

To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment. *Walden v. Fiore*, __ U.S. __, 134 S.Ct. 1115, 1121, 188 L.Ed.2d 12 (2014). Oklahoma's long-arm statute provides "[a] court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." 12 OKLA. STAT. § 2004(F). The long-arm statute is coextensive with the constitutional limitations imposed by the Due Process Clause. *Intercon, Inc. v. Bell Atl.*

4

*Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). "[T]o exercise jurisdiction in harmony with due process, [a nonresident defendant] must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Minimum contacts must be found as to each defendant over whom the court exercises jurisdiction." *Home-Stake Prod. Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1020 (10th Cir. 1990). "Such contacts may give rise to personal jurisdiction over a [nonresident] defendant either generally, for any lawsuit, or specifically, solely for lawsuits arising out of particular forum-related activities." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

A court may not exercise general jurisdiction over a nonresident unless the defendant has "continuous and systematic" business contacts with the forum state. *Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 n.5 (10th Cir. 2010). The Supreme Court recently reiterated this standard in *Daimler AG v. Bauman*, __ U.S. __, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014), wherein it stated general jurisdiction refers to a court's power to hear claims against a nonresident when its contacts "with the [s]tate are so continuous and systematic as to render [it] essentially at home in the forum state." *Id.* at 751 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. __, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011)).

To exercise specific jurisdiction over a nonresident, a court must engage in a two-step inquiry regarding the defendant's contacts with the forum state. First, a court must consider whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. *Walden*, 134 S.Ct. at 1121 n.6 (specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy' (*i.e.*, an 'activity or occurrence that takes place in the forum [s]tate and is therefore subject to the [s]tate's regulation')") (quoting *Goodyear Dunlop Tires Operations, S.A.*, 131 S.Ct. at 2851). Such connections cannot be random, fortuitous, or attenuated. *OMI Holdings*, 149 F.3d at 1094. The plaintiff cannot be the only link between the defendant and the forum. *Walden*, 134 S.Ct. at 1122.

Second, if the defendant's actions create sufficient minimum contacts, the court must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice. *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007); *Boatright Family, LLC. v. Reservation Ctr., Inc.*, No. CIV-13-192-D, 2015 WL 2345299 at *2 (W.D. Okla. May 14, 2015) (citing *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004)). Whether a nonresident's activities in the forum are sufficient to confer personal jurisdiction depends on "the totality of facts." *Premier Corp. v. Newsom*, 620 F.2d 219, 222 (10th Cir. 1980); *Bricktown Res., Inc. v. KTM Servs., Inc.*, No. CIV-08-928-F, 2008 WL 4723012 at *4 (W.D. Okla. Oct. 23, 2008).

The Tenth Circuit has endorsed a three-pronged analysis for use when examining whether a nonresident defendant has sufficient minimum contacts with the forum to satisfy

constitutional requirements: (1) the nonresident must do some act or consummate some transaction with the forum or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *See Rambo*, 839 F.2d at 1419 n.6.[3] Purposeful availment is indicated by (1) "an intentional action," (2) "expressly aimed at the forum state," (3) with "knowledge that the brunt of the injury would be felt in the forum state." *Shrader*, 633 F.3d at 1240 (quoting *Dudnikov*, 514 F.3d at 1072).

## Discussion

### General Jurisdiction

Plaintiff's Complaint fails to allege any continuous or systematic contacts Defendant Halliday maintains with the forum state. Further, Plaintiff does not dispute that Defendant Halliday lives and works in Ohio, maintains no residence or office in

---

[3] Despite the foregoing analysis, requirements of personal jurisdiction may be waived through consent. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). When a defendant consents to personal jurisdiction in a certain forum, there is no need to analyze the forum state's long-arm statute or the defendant's contacts with the forum state. *See Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 ("Once waived, lack of personal jurisdiction may not be raised by the court.") (citing *Zelson v. Thomforde*, 412 F.2d 56, 58 (3d Cir. 1969)). The Corporate Defendants filed their Answer and Counterclaim [Doc. No. 5] to Plaintiff's Complaint [Doc. No. 1-1] on March 19, 2015. In so doing, the Corporate Defendants waived any objection to this Court's exercise of personal jurisdiction over them.

Oklahoma, and does not regularly do business here. Therefore, this Court's analysis will center on its potential exercise of specific jurisdiction over Defendant Halliday.

Specific Jurisdiction

Plaintiff's Response utilizes a jurisdictional analysis employed by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984), from which the court of appeals in *Dudnikov* distilled the previously-listed factors regarding purposeful availment to support an exercise of personal jurisdiction over a nonresident defendant. Plaintiff also cites to non-binding case law in further support of its argument.[4] However, more recently in *Walden*, the Supreme Court held that minimum contacts necessary for the exercise of personal jurisdiction over the nonresident defendant "must arise out of contacts that the defendant himself creates with the forum [s]tate" and that "however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated." *Walden*, 134 S.Ct. at 1122 (internal quotation marks and original emphasis omitted). *Walden* went on to state that the "'minimum contacts' analysis looks to the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with persons who reside there," and that

---

[4] Plaintiff cites *Rossi v. Wohl*, 246 Fed. Appx. 856, 858-59 (5th Cir. 2007) stating "allegations that nonresident attorneys communicated false information to the plaintiff in Texas were sufficient to establish minimum contacts with Texas," and *Hafen v. Strebeck*, 338 F. Supp. 2d 1257, 1259-63 (D. Utah 2004) noting a "finding [that] minimum contacts existed where the defendant made a number of allegedly fraudulent telephone calls to the plaintiff in Utah, sent a letter confirming the alleged misrepresentations to the plaintiff in Utah, and placed one allegedly fraudulent telephone call while both parties were present in Utah." Pl. Resp. [Doc. No. 11] at 7.

"the plaintiff cannot be the only link between the defendant and the forum." *Id.* Similarly, in *Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178 (10th Cir. 2014), the Tenth Circuit held that a plaintiff's formation and transaction of business in the forum state was insufficient for personal jurisdiction under *Walden*, 134 S.Ct. 1115, and that a defendant's act of sending a letter to an address in the forum state and communicating via telephone with the plaintiff while the plaintiff was in the forum state was insufficient for personal jurisdiction under *Trierweiler v. Croxton Trench Holding Corp.*, 90 F.3d 1523 (10th Cir. 1996), even when the contents of those communications were what gave rise to the lawsuit. *Rockwood*, 750 F.3d at 1180-81.

In light of *Walden* and *Rockwood*, the telephone conferences and electronic mail communications between Plaintiff (in Oklahoma) and Defendant Halliday (in Ohio) involved here are insufficient to establish minimum contacts necessary for the exercise of personal jurisdiction over a nonresident defendant. Without more, Plaintiff fails to carry its burden of establishing minimum contacts. Accordingly, the Court need not consider whether the exercise of personal jurisdiction over Defendant Halliday is reasonable in light of the circumstances surrounding this case.

**Conclusion**

For these reasons, the Court finds Defendant Halliday's Motion to Dismiss [Doc. No. 6] is hereby GRANTED pursuant to Fed. R. Civ. P. 12(b)(2). Accordingly, Plaintiff's

action against Defendant Halliday is dismissed for lack of personal jurisdiction.

IT IS SO ORDERED this 29th day of February, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE